| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | ECF CASE |
| ------------------------------------------------------------------X<br>WAYNE COVER<br>    Plaintiff, | CASE NO. 05 CV 2430<br>(CLB)(LMS) |
| -against- | COMPLAINT |
| AMERICAN POSTAL WORKERS UNION-AFL-CIO,<br>And JOHN E. POTTER, POSTMASTER GENERAL,<br>    Defendants.<br>------------------------------------------------------------------X | Plaintiff Demands<br>a Jury Trial. |

Plaintiff, WAYNE COVER, by his attorneys, the Law Offices of Lee Nuwesra respectfully alleges as follows:

## I

## PRELIMINARY STATEMENT

1.   Plaintiff brings this action seeking back pay, other forms of compensation, compensatory and other damages pursuant to the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (hereinafter "LMRA"), the Postal Reorganization Act, 39 U.S.C. § 1208(b) (hereinafter ("PRA"), and case law pertaining thereto.  Plaintiff seeks to redress the deprivation of his rights by Defendants, which rights were secured to Plaintiff by the LMRA, and/or the PRA.

## II

## JURISDICTION

2.   Jurisdiction of this Court is invoked pursuant to Title 28 United States Code, Section 1331, 29 United States Code, Section 301, and 39 U.S.C. § 1208(b).

## III

## VENUE

3.   Venue in this district is proper under Title 28 United States Code, Section 1391 (b).  At

the relevant time period, Plaintiff resided in this District, Defendants conduct business in this District, and the events giving rise to the claims asserted herein occurred within this District.

### IV

### PARTIES

4. At all relevant times herein, Plaintiff **WAYNE COVER** was a resident of Mount Vernon, Westchester County, State of New York.

5. Upon information and belief, at all times herein, Defendant **AMERICAN POSTAL WORKERS UNION, AFL-CIO** (hereinafter "Union"), is Headquartered in Washington, DC, with offices located at 350 West 31st Street, New York, County of New York, State of New York.  As Plaintiff's representative, the Union had a duty to diligently represent all of its union members' interests before the employer, to diligently investigate all allegations leveled against union members by employers, to ascertain the truth or falsity of same, and to represent and treat all union members equally.  Furthermore, the union had a duty to timely notify its members of any adverse employment decisions contemplated or that have taken place. Moreover, the Union had a duty to challenge any decision that is arbitrary, capricious, inconsistent with the evidence in the record, and/or irrational.

6. Defendant **JOHN E. POTTER,** was, at all relevant times in this cause of action, the Postmaster General of the United States Postal Service and Headquartered in Washington D.C., with business offices located at 1000 Westchester Avenue, White Plains, County of Westchester, State of New York.  As such he acted as Plaintiff's employer.

V

**STATEMENT OF FACTS**

7.    In 1997, Plaintiff began his employment with Defendant Employer as a part time flexible Mail Processor.

8.    At all relevant times, Plaintiff's work performance, time and attendance were satisfactory.

9.    Shortly after his hire, Plaintiff became a member of Defendant Union.

10.   On or about 11-11-2002, Plaintiff was issued a letter of warning ("LOW") by Defendant employer.  Mr. Cover, through his union, timely grieved this disciplinary action.

11.   Initially and up to and including December 2004, Plaintiff's Union through its agents advised Mr. Cover that his LOW has been expunged and removed from his personnel file.

12.   On December 7, 2004, during an unrelated grievance arbitration proceeding, Plaintiff learned that both his Union and his Employer have deceived him.  He learned that in April 2003, Defendants without his knowledge or consent have entered into a stipulation Agreement that was prejudicial to his interest.

13.   The Agreement stipulated that if within one year of the date of the subject letter of warning (11-11-2002), there are no other disciplinaries issued to Plaintiff, then said letter of warning would be expunged.

14.   Both Defendants when entering into this stipulation were well aware that in February 2003, Plaintiff had been issued a proposed 7 days suspension disciplinary action.

15.   Although the Arbitrator of the December 7, 2004 proceeding granted Mr. Cover's grievance in part and denied it in part, relying on the letter of warning issued to Plaintiff, the Arbitrator suspended Plaintiff for 5 days.

16. But for the bad faith dealings of Defendants, the Union's failure to fairly represent Mr. Cover, and both Defendants' breach of the Collective Bargaining Agreement ("CBA"), the Arbitrator would have issued Plaintiff a letter of warning, in lieu of the 5 days suspension.

## VI

## DAMAGES

17. As a direct and proximate consequence of Defendants' intentional and unlawful conduct, Plaintiff has suffered lost wages, and other non-pecuniary losses, including by not limited to emotional pain, anxiety, and had to incur expenses, including attorney's fees.

## VII

## AS FOR A FIRST CAUSE OF ACTION
(Union's Violation of its duty of Fair Representation and Fiduciary duty to Plaintiff)

18. Plaintiff repeats and re-avers each and every allegation contained in paragraphs 1 through 17 above, as if fully set forth herein.

19. On or about 11-11-2002, Plaintiff was issued a letter of warning by Defendant employer. Mr. Cover, through his union, timely grieved this disciplinary action.

20. Initially and up to and including December 2004, Plaintiff's Union through its agents advised Mr. Cover that his letter of warning has been expunged and removed from his personnel file.

21. On December 7, 2004, during an unrelated arbitration proceeding, Plaintiff learned that both his Union and his employer have deceived him. He learned that in April 2003, Defendants without his knowledge or consent have entered into a stipulation that was prejudicial to his interest.

22.     The Agreement stipulated that if within one year of the date of subject letter of warning (11-11-2002), there are no other disciplinaries issued to Plaintiff, then said letter of warning would be expunged.

23.     Both Defendants have entered into this stipulation well aware that in February 2003, Plaintiff had been issued a proposed 7 days suspension disciplinary action.

24.     Although the Arbitrator of December 7, 2004 proceeding granted Mr. Cover's grievance in part and denied it in part, relying on the letter of warning issued to Plaintiff, he suspended Plaintiff for 5 days.

25.     But for the bad faith dealings of Defendants, the Union's failure to fairly represent Mr. Cover, and its breach of its duty to fairly represent Plaintiff, the Arbitrator, at worst, would have issued Plaintiff a letter of warning, in lieu of the suspension.

26.     Defendant Union should have proceeded to Arbitration on Plaintiff's behalf with regard to the November 2002 letter of warning, issued to Mr. Cover, by Defendant Employer.

27.     That Defendant Union's conduct or lack of action was arbitrary and /or discriminatory and not in the best interest of Plaintiff; thus, violating its Fiduciary duty; as well as its duty to fairly represent Plaintiff.

28.     As a result of the forgoing, Plaintiff demands judgment against Defendant Union, for an award of back pay, front pay, other forms of compensation, compensatory damages, punitive damages, as well as costs, and disbursements.

## VIII

### AS FOR A SECOND CAUSE OF ACTION

29.     Plaintiff repeats and re-avers each and every allegation contained in paragraphs 1 through 28 above, as though set forth herein.

30. Defendant Employer breached its employment Agreement with Plaintiff, when in November 2002, it wrote him up in bad faith, and for no just cause.

31. On or about 11-11-2002, Plaintiff was issued a letter of warning by Defendant employer. Mr. Cover, through his union, timely grieved this disciplinary action.

32. Initially and up to and including December 2004, Plaintiff's Union through its agents advised Mr. Cover that his letter of warning has been expunged and removed from his personnel file.

33. On December 7, 2004, during an unrelated grievance arbitration proceeding, Plaintiff learned that both his Union and his Employer have deceived him. He learned that in April 2003, Defendants without his knowledge or consent have entered into a stipulation Agreement that was prejudicial to his interest.

34. The Agreement stipulated that if within one year of the date of subject letter of warning (11-11-2002), there are no other disciplinaries issued to Plaintiff, then said letter of warning would be expunged.

35. Both Defendants when entering into this stipulation were well aware that in February 2003, Plaintiff had been issued a proposed 7 days suspension disciplinary action.

36. Although the Arbitrator of the December 7, 2004 proceeding granted Mr. Cover's grievance in part and denied it in part, relying on the letter of warning issued to Plaintiff, he suspended Plaintiff for 5 days.

37. But for the bad faith dealings of Defendants, the Union's failure to fairly represent Mr. Cover, and both Defendants' breach of the Collective Bargaining Agreement ("CBA"), the Arbitrator would have only issued Plaintiff a letter of warning, in lieu of the suspension.

38. Moreover, Defendant Employer continues to deal with Plaintiff in bad faith, especially since it continues to discipline Plaintiff with its ultimate goal of discharging him.

39. As a result of his Employer's breach and complete bad faith dealings, Mr. Cover has suffered lost wages, benefits, and compensatory damages.

## IX

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wayne Cover, hereby requests that judgment be entered in his behalf and against Defendants, as follows:

(a) As to the First Cause of Action, requiring Defendant Union, to pay an award of back pay, compensatory and punitive damages, attorney's fees as well as costs and disbursements.

(b) As to the Second Cause of Action, requiring Defendant Employer, to remove the letter of warning from Mr. Cover's personnel record, to reduce the 5 days suspension to a LOW, to pay an award of back pay, compensatory and punitive damages, as well as costs and disbursements

(c) For such other and further relief that seems just and proper to this Honorable Court.

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated:  New York, New York
         February 28, 2004

                                               Respectfully submitted,
                                               Law Offices of LEE NUWESRA

**By:** _____
             Lee Nuwesra (LN 5851)
             Attorney for Plaintiff
             60 East 42nd Street, Suite 838
             New York, New York 10017
             (212)  682-0655

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.